UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN NEAL WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>OFFICER DAN RICHEY; OFFICER McCAMY,<br><br>　　　　Defendants. | NO. CV 09-327-DOC (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the complaint; the Magistrate Judge's Report and Recommendation ("R&R"); the Objections to the R&R filed on June 24, 2010; Defendants' response to Plaintiff's objections filed on July 6, 2010; and the records and files.  Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge.  Plaintiff's objections are overruled.

　　　Plaintiff appears to argue that the Magistrate Judge should have addressed a claim of deliberate indifference to "serious medical needs."  (Objections at 3.) However, none of the pleadings or extensive filings in this matter indicate that

Plaintiff ever alleged a claim of inadequate medical care.[1] To the extent Plaintiff is requesting leave to amend the complaint, it is denied because of unreasonable delay.[2] "The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment." *Schlacter-Jones v. General Telephone of Calif.*, 936 F.2d 435, 443 (9th Cir. 1991), *overruled on other grounds by Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) ("a motion for summary judgment was pending and possible disposition of the case would be unduly delayed by granting the motion for leave to amend").

Plaintiff also states that he wishes the Court to consider new evidence of his injuries.[3] (Objections at Caption Page-1.) Plaintiff states that on June 9, 2010, he "obtain[ed]" an affidavit from a doctor "on the cause of Plaintiff's back injure [sic] & standing condition." (*Id.*) However, Plaintiff had not yet "received" the affidavit. (*Id.* at 1.) He said it would "soon be sent." (*Id.*) On July 12, 2010, Plaintiff filed a Notice of Motion to Follow up with Supporting Medical Documents of Plaintiff's Treatments as Discovery. Plaintiff states that the only documents he

---

[1] For example, in Plaintiff's opposition to the motion for summary judgment, he stated: "This is a § 1983 action filed by an incarcerated Plaintiff seeking damages based on the use of excessive force, the depravation [sic] of Plaintiff [sic] right to be free of unreasonable search & seizure and right to procedural due process." (Dkt. No. 120 at 1.) Plaintiff makes a similar assertion in the beginning of his points and authorities in support of his opposition. (*Id.* at 39.)

[2] Although Plaintiff does not allege *who* provided him with inadequate medical care, any such claim would necessarily be against new defendants. The current defendants are officers with the Redondo Beach Police Department and were involved in Plaintiff's arrest.

[3] The Court exercises its discretion to consider Plaintiff's new evidence. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

was "allow[ed]" to obtain from his file were medical records. (Notice at 1-2.) Attached to the Notice are an Operative Report dated May 5, 2010; and Spine Clinic Notes dated June 9, 2010. According to the Operative Report, on May 5, 2010, Plaintiff was given an epidural steroid injection at L4-5 and an S1 facet injection bilaterally. There were no complications from the procedure, and Plaintiff was discharged on the same day. According to the Notes, Plaintiff was seen on June 9, 2010, for follow-up. Significantly, Plaintiff has not explained how this new evidence would alter the Magistrate Judge's recommendation; nor can the Court discern any relevance of these records to the issues addressed on summary judgment.

Plaintiff's remaining objections are meritless.

IT IS ORDERED that the Report and Recommendation is adopted, and that Judgment be entered dismissing this action with prejudice.

DATED: July 30, 2010

*David O. Carter*
DAVID O. CARTER
United States District Judge